## V. I. MILLER v. PETE CLARK.[1]

November 5, 1920.

No. 21,890.

**Set-off and counterclaim — verdict in favor of defendant sustained.**

1. The court's instructions, to which no exceptions are taken, and the evidence justified the jury in finding for defendant on the two counterclaims submitted in an amount sufficient to wipe out the claim of plaintiff and awarding the verdict given in favor of defendant.

**Want of consideration.**

2. The agreement out of which the counterclaims arose cannot be held void for want of consideration.

**Rental for hay and pasture land not due for land in wet slough.**

3. The lease obligated the tenant to pay cash rent of $3 per acre for the hay and pasture land on the farm. The court correctly *held* that no cash rent was payable upon the acreage in a slough so covered with water that neither hay nor pasturage could grow thereon.

**Amendment to answer during trial.**

4. No abuse of discretion is shown in allowing an amendment to the answer during the trial.

**Rulings on evidence.**

5. No ruling on the admission or exclusion of evidence calls for a reversal of the order appealed from.

Action in the district court for Redwood county to recover $360 for rent due under a farm lease. Counterclaims were interposed for sums aggregating more than the amount claimed. The case was tried before Nelson, J., and a jury which returned a verdict for defendant in the sum of $26.05. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

[1]Reported in 179 N. W. 731.

*J. W. Schmitt* and *Albert H. Enersen,* for appellant.
*Korns & Mitchell,* for respondent.

HOLT, J.

Plaintiff sued for the rent to be paid under a farm lease. Defendant denied part of plaintiff's demand and interposed three counterclaims. There was a verdict for defendant, and plaintiff appeals from the order denying a new trial.

Under the terms of the lease plaintiff was to receive a certain share of the grain raised and $3 an acre for the hay and pasture land on the farm. He claimed there were 120 acres of the farm used as hay and pasture land during the season of 1919, and demanded judgment for $360. Defendant denied that there were more than 100 acres of such land, and on the trial was permitted to amend the answer so as to allege that there were only 85 acres. Of the counterclaims pleaded, two were submitted to the jury. One was based upon a breach of an agreement, and the other on negligence occurring in its attempted performance. The agreement, made about September 10, 1918, obligated plaintiff to tile part of the farm and build a hog-house thereon. That such an agreement was made is not disputed, but plaintiff claims that it was not to be performed unless the income he received from the farm would be sufficient to pay for the improvements. He also questions the validity of the agreement. However, 5,000 feet of tile were laid in the fall, but without filling up the trenches. A colt and a steer belonging to defendant escaped from the pasture, fell into one of the trenches, and were killed. The damage sustained on account of the loss of the animals was alleged to be $160. Plaintiff did not build the hog-house, and defendant claimed that as a consequence 75 pigs, farrowed during the winter by the brood sows he had on the farm, perished from the cold, also 4 of the sows, to his damage in the sum of $340, the value of the animals. The verdict was for $26.05 in favor of defendant.

The verdict is attacked as not justified by the evidence and contrary to law. No fault is found with the manner in which the two counterclaims were submitted or to the measure of damages the jury were to apply. It may well be that the right of recovery for the colt and steer should have been made to turn upon a finding that it was negligence to

permit the tile trenches to remain open on the unfenced portions of the farm where no stock was supposed to come, and not, as the court charged, upon plaintiff's failure to fill the trenches, assuming that defendant had not agreed to fill them as plaintiff contended. It may also be doubted whether the measure of damages for the breach of the agreement to build the hog-house would be the value of the animals lost from exposure, rather than the diminution of rental value of the farm because of the absence of the hog-house that should have been built. But, as stated, neither at the trial nor upon the motion for a new trial were these questions raised. As the two counterclaims were tried and submitted, we are clear that the evidence amply sustains them to the extent of wiping out plaintiff's whole claim and justifies the verdict returned.

We cannot concur in the claim that the agreement was without consideration. The agreement was not a modification of the lease. If the improvements were made the tiling would tend to increase the returns of the farm and benefit both parties. A hog-house would enable the tenant to keep more stock, and this would profit not only him but the owner of the farm, in that there would be increased manure for the enrichment of the fields. But, aside from these considerations, it appears that both parties entered upon performance, in fact defendant fully performed. He agreed to take time from his other work and haul the tile. This he did. Even though paid for this by plaintiff, it was of additional value because of the inability at that time to procure help for any sort of work. Again, the original lessor had sold the farm prior to September, 1918, to plaintiff, and, under the lease, defendant, in case of a sale, was to vacate by March 1 if he were notified so to do by September 1 preceding. At the time of the agreement defendant might have waived the notice, and from the talk between the parties it appears plaintiff conceded that defendant could vacate unless the agreement was made. We think there was consideration for the same.

Plaintiff assigns error upon this language of the charge: "While the contract provides that he is to pay for the hay and pasture land the defendant would not be required to pay for land that was covered by water so that it could not be used at any time for pasture or hay land, * * * and you are to determine from the evidence in the case the number of acres that you find there was in the year 1919 that was such as farmers

consider hay or pasture land; that is, what was not covered by water, and the plaintiff would be entitled to recover for those acres, whatever you find them to be at the rate of $3 per acre." The controversy related to a slough of about 30 acres in that part of the farm fenced in for pasture. The evidence showed that this slough was covered by water as late as July, so that nothing fit for stock could grow therein. We are inclined to think the lease to have been correctly construed. It is said defendant admitted on the witness stand that there was 125 acres in the pasture, but it is evident that the admission embraced the slough which he did not think he should pay rent for.

No abuse of judicial discretion is indicated by the allowance of an amendment to the answer during the trial, so as to allege that there were only 85 acres of hay and pasture land on the farm during the season of 1919.

The court did not give any definition of contributory negligence, but plaintiff did not call attention to the omission nor request any instruction on the subject, and he is not now entitled to a reversal on that score.

The other 14 assignments of error relate to rulings while testimony was offered. The only argument contained in the brief is this: "These assignments of error refer to rulings by the court on the admission or exclusion of evidence and all were made on the motion for a new trial to substantiate Assignment A" (the assignment that the verdict is not justified by the evidence and is contrary to law). Nor did the oral argument suggest wherein the court erred in any of the rulings. We have nevertheless examined them, especially with a view to ascertain whether the question of the correct measure of damages as to the counterclaim for the failure to build the hog-house was raised, but we find that it was not. As the objections were presented to the trial court, we find no reversible error in the rulings.

The order is affirmed.